IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                      :        CASE NO. 13-01640
                                            :
JOSE M. ROMERO RODRIGUEZ                     :        CHAPTER 13
                                            :
        Debtor                              :
_____         :
                                            :
JOSE M. ROMERO RODRIGUEZ                     :
                                            :
        Plaintiff                           :        ADVERSARY PROCEEDING NO.
                                            :
        vs.                                 :        13-00093
                                            :
GLADYS E. ROMAN                             :
                                            :
        Defendant                           :
_____         :

OPINION AND ORDER

This adversary proceeding is before the court upon the motion to dismiss filed by the defendant, Gladys Enid Roman Ruiz, and the opposition thereto by the plaintiff, the debtor in the bankruptcy petition. The defendant is debtor's former spouse and a party to the divorce action in case number EDI 2009-0611 and the case for division of marital property in case number FAC 2009-0220. After considering the pleadings before the court and the complaint, the court concludes that the court does not have subject-matter jurisdiction pursuant to the "Rooker-Feldman" doctrine, and for the reasons set forth below, orders the dismissal of the adversary proceeding.

Facts and Background

There are three critical events which are dispositive of the matter before the court, in chronological order, these are: the judgment in the state court action on the division of marital property, the filing of the voluntary chapter 13 petition and the filing of the instant adversary proceeding.

The debtor/plaintiff admits in his opposition to the motion to dismiss that the action for division of marital property ended on June 10, 2011 when the parties signed a *Settlement Agreement, Mutual Discharge and Request for Judgment,* wherein "the parties divided all marital debts and

assets..." However, the plaintiff alleges that the stipulation was signed to relieve the "extensive and costly litigation" as well as the "constant pressure." Plaintiff further alleges that both parties to the settlement agreement have breached the same and that the debtor/plaintiff "was, and still is, in severe economic hardship." Irrespective of the economic consequences of the agreement leading to a judgment, the fact is that there is a final judgment concerning the division and adjudication of the properties formerly owned by the conjugal partnership, including the property object of the instant complaint.

The debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on March 2, 2013. The hearing on confirmation of the proposed chapter 13 plan was continued without a date pending a decision in this adversary proceeding.

The complaint prays the court "[t]o avoid the transfer of properties occurred [sic] on June 10, 2011 and to allow debtor to liquidate his share of every asset with significant equity to provide for a meaningful distribution among creditors." The statutory basis for plaintiff's complaint is 11 U.S.C. § 548, which allows a trustee to invalidate fraudulent transfers under certain conditions. The transfer of the properties was admittedly through a settlement agreement in a state court action for division of conjugal partnership assets. The allegation in the complaint is that "Plaintiff signed the Agreement because he was desperate. He did not have the possession of the business and he did not know what else to do. He signed it because since [sic] if he was unable to operate the business at least he wanted to be relieved from the business' obligations; it was an act of desperation, involuntary act." There are no allegations in the complaint that the transfers were fraudulent, as a result of collusion or in violation of state law. Thus, in addition to jurisdictional issues, the complaint may not proceed under § 548. See In re Bledsoe, 569 F. 3d 1105 (9th Cir. 2009).

Applicable Law and Analysis

This court discussed the Rocker-Feldman doctrine in the case of Rodriguez Vasquez v. Reo Properties Corp. (In re Vasquez), 467 B.R. 550 (Bankr. D.P.R. 2012). After a thorough review this court finds that the Rooker-Feldman doctrine is applicable to the instant case. The relief requested in the complaint was already adjudicated in state court and the judgment is final and unappealable. In In re Vasquez, this court provided the applicable law pertaining to the Rooker-Feldman doctrine,

as follows:

"Under 28 U.S.C. § 1257, only the United States Supreme Court has jurisdiction to hear appeals from final state court judgments. Under 28 U.S.C. § 1331, federal district courts can only exercise "original jurisdiction", not appellate jurisdiction. The Supreme Court merged the two statutes in two cases: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), commonly known as the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine is "jurisdictional in nature" and therefore "if a case is dismissed because the Rooker-Feldman doctrine applies, it means the court has no subject-matter jurisdiction to hear the case." Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 (1st Cir. 2003), citing In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61, 66 (1st Cir. 2002). Consequently, "it cannot be waived". In re Zambre, 306 B.R. 428, 432 (Bankr. D. Mass. 2004), citing In re Stoddard, 248 B.R. 111, 120 (Bankr. N.D. Ohio 2000). That is why a court can raise the issue *sua sponte*. See Mills v. Harmon Law Offices, P.C., 344 F.3d at 44. The doctrine is rooted in various principles: it (a) enforces constitutional separation of powers and the limited jurisdiction of federal courts; (b) advances interests of federalism by protecting state court judgments; (c) recognizes that state courts are fully competent to adjudicate state and federal claims; and (d) protects finality in the judicial system. See Dustin E. Buehler, Revisiting Rooker-Feldman, 36 Fla. St. U. L. Review, 373, 377 (2009), Williamson B.C. Chang, Rediscovering the Rooker Doctrine, 31 Hastings L. J. 1337, 1350 (1980), and George L. Proctor *et al*., Rooker-Feldman and the Jurisdictional Quandary, 2 Fla. Coastal L. J. 113, 114 (2000). Its rationale is that only the United States Supreme Court has jurisdiction over appeals from the state courts under 28 U.S.C. § 1257. See Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 401 F.3d 17, 21 (1st Cir. 2005).

In essence, the Rooker-Feldman doctrine prohibits lower federal courts to sit in direct review of final state court judgments --unless Congress has specifically authorized such relief-- and that therefore federal courts should not become a court of appeals for state court decisions. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Miller v. Nichols, 586 F.3d 53, 58 (1st Cir. 2009) ("Rooker-Feldman bars jurisdiction whenever parties who lost in state court seek review and rejection of that judgment in federal court"); Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008); Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 246-247 (B.A.P. 1st Cir. 2008). Also see generally 18B Wright, Miller & Cooper, Federal Practice and Procedure 2d § 4469.1, at pp. 100-01, 127-37 (2002). The doctrine bars a losing party in state court to file a suit in a federal district court -- after the state proceeding has ended-- to complain of an injury caused by the state-court decision and seek review and rejection of the state-court judgment. Exxon Mobil Corp v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S. Ct. 1517 (2005). It forecloses lower federal court jurisdiction where the issues in the case are "inextricably intertwined" with controversies adjudicated by a state court. See Mills v. Harmon Law Offices, P.C., 344 F.3d at 44. A federal claim is "inextricably intertwined" with state court claims "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Sheehan v. Marr, 207 F.3d 35, 39-40 (1st Cir. 2000). In other words, the Rooker-Feldman doctrine precludes a federal action if the relief sought in the federal court "would effectively reverse the state court decision or void its holding." Halvorsen v. Mendez (In re Mendez), 246 B.R. 141, 146 (Bankr. D.P.R. 2000).

Concerned that some lower courts were construing the Rooker-Feldman doctrine too broadly, in Exxon Mobil Corp v. Saudi Basic Industries Corp., 544 U.S.

at 284, the Supreme Court ruled that the doctrine should be "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers ... inviting district court review and rejection of [the state court's] judgments." Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 401 F.3d 17, was the first case ruled by the Court of Appeals for the First Circuit after Exon Mobil. In it, the Court of Appeals held that the Rooker-Feldman doctrine applies in limited circumstances where the losing party files the action in federal court after the state proceedings have "ended". 410 F.3d at 24. A state court judgment is sufficiently final for the application of the Rooker-Feldman doctrine when the state proceeding has ended; if the federal proceedings are begun before the state proceedings have ended then the doctrine does not deprive the federal court of jurisdiction. Id. at 24, citing Exxon Mobil, 125 S.Ct. at 1526. The Court of Appeals described three situations, or tests, to determine whether state proceedings have "ended." 410 F. 3d at 24. First, state proceedings have ended "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved." Id. That is not the case in the instant adversary proceeding. Second, state proceedings have ended "if the action has reached a point where neither party seeks further action." Id. Lastly, state proceedings have ended, for purposes of the Rooker-Feldman doctrine, on the federal questions, "if the state court proceedings have finally resolved all the federal questions in the litigation but state law or purely factual questions remain to be litigated." Id.

In Puerto Rico, a judgment is a decision that finally resolves the controversy before the State Court so that an appeal may be taken. See P.R. Rule 42.1 of Civil Procedure, 32 L.P.R.A. Ap. V R. 42.1 (2009), and U.S. Fire Insurance Co. v. Autoridad de Energia Electrica, 151 D.P.R. 962, 967 (2000). A judgment becomes final and firm ("final y firme"), *ergo* executable, when it is no longer appealable or subject to reconsideration. Suarez Morales v. Estado Libre Asociado de Puerto Rico, 162 D.P.R. 43, 62 (2004), citing Bolivar v. Aldrey, 12 D.P.R. 273 (1907). Also see Pagán del Joglar v. Cruz Rivera, 136 D.P.R. 750, 757 (1994); Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642, 654 (1987); Figueroa v. Bayron, 75 D.P.R. 987, 989 (1954)." In re Vasquez, 467 B.R. at 552-554.

The court finds that in the instant case, the state court judgment is final, firm and unappealable. The settlement agreement was executed with the purpose of dividing the conjugal partnership assets and adjudicating the existing assets and debts. Thus, the bankruptcy court concludes that it is devoid of subject-matter jurisdiction to entertain the issues which were already adjudicated in state court.

## Conclusion

For the reasons stated above, this court concludes that the Rooker-Feldman doctrine is applicable in the instant case, since the controversies have already been adjudicated by state court and the same are final, firm and unappealable. Therefore, this court lacks subject mater jurisdiction to entertain the complaint.

In view of the foregoing, the defendant's motion to dismiss is hereby GRANTED. The

complaint is hereby DISMISSED.

Judgment will be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 17th day of January, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge